IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANITA CAVAZOS, | § | |
|      PLAINTIFF, | § | |
| | § | |
| VS. | § | Case No. 7:14-CV-377 |
| | § | |
| STATE FARM LLOYDS, RICHARD | § | |
| FREYMANN AND NATHAN BURRIS, | § | |
|      DEFENDANTS. | § | |

## DEFENDANTS' OPPOSED MOTION FOR SUMMARY JUDGMENT

Defendants State Farm Lloyds ("State Farm") and Nathan Burris ("Burris") file this Opposed Motion for Summary Judgment because the appraisal process is complete, and State Farm's payment of the appraisal award entitles Defendants to summary judgment as a matter of law on Plaintiff's contractual and extra-contractual claims.

### I.     Grounds for Summary Judgment

1.     As a result of hail and wind damage to her dwelling, Plaintiff filed suit against State Farm and Burris.  On January 9, 2015, State Farm invoked the appraisal provision of the Homeowners' Policy and selected Bryan Scanlan ("Scanlan") as appraiser.  Plaintiff selected Gene Riley ("Riley") as appraiser.  Broadly speaking, the appraisal provision allows either party to invoke a process in which the amount of the loss is determined by agreement of appraisers or, if necessary, an umpire mutually agreed to by the appraisers or appointed by the court.  The appraisers agreed that Cecil Parker ("Parker") would serve as umpire on this appraisal.  The amount of loss in this case was set by umpire Parker and appraiser Riley.  State Farm paid the appraisal award within two (2) days of receipt of the signed, itemized award.  Payment of the appraisal award resolves and disposes of all claims in this lawsuit.  Plaintiff is estopped from maintaining a breach of contract claim as a matter of law based on State Farm's timely payment

after the appraisal award.  Additionally, Plaintiff has no extra-contractual claims because she has suffered no independent injury that would otherwise entitle her to damages and State Farm timely investigated her claim.

## II.      Summary Judgment Evidence

2.      In support of this motion, State Farm attaches the following summary judgment evidence filed herewith and incorporated by reference as if fully set forth herein:

Exhibit A:      Plaintiff's Homeowners Policy with Business Records Affidavit

Exhibit B:      Declaration of State Farm Claim Specialist, Gail Myers

Exhibit B-1:   State Farm Claim Activity File Notes Excerpts

Exhibit B-2:   April 28, 2012, State Farm Estimate

Exhibit B-3:   January 9, 2015, State Farm's Appraisal Invocation

Exhibit B-4:   January 29, 2015, Plaintiff's Appointment of Appraiser

Exhibit B-5:   Signed Umpire Selection Form

Exhibit B-6:   Appraisal Award

Exhibit B-7:   October 13, 2015, State Farm Letter Tendering Payment of Appraisal Award

## III.      Undisputed Facts

3.      Plaintiff's dwelling in Mission, Texas is insured for approximately $143,816.00 under a State Farm Texas Homeowners Policy.[1]  On or about April 2, 2012, Plaintiff – through her insurance agent's office – reported an insurance claim for her house due to possible damage from wind and hail.[2]  State Farm spoke with Plaintiff on April 5, 2012 to acknowledge the claim

---

[1]      *See Exhibit A*, Plaintiff's Homeowners Policy.

[2]      *Exhibit B*, Gail Myers Declaration at ¶ 5; *Exhibit B-1*, Claim Activity File Notes Excerpts. Plaintiff's claims against Burris are derivative of, and based on, the same facts as the claims asserted against State Farm.

and on April 6, 2012 to schedule an inspection of the dwelling.[3]   Nathan Burris, a State Farm adjuster, inspected the dwelling on April 28, 2012.[4]   At the conclusion of his April 28, 2012 inspection, Burris went over the findings from the inspection with Ms. Cavazos and prepared an estimate of damage.[5]   State Farm found $1,885.68 in damage which was below the Homeowners Policy's deductible.[6]

4.     On or about April 15, 2014, almost two years later, Plaintiff filed suit against State Farm and Burris[7] without any pre-suit demand or notice.   On January 9, 2015, State Farm invoked appraisal under the Homeowners Policy and appointed Bryan Scanlan as appraiser.[8]   Plaintiff responded to State Farm's appraisal invocation and appointed Gene Riley as appraiser.[9]   The two appraisers agreed that Cecil Parker would serve as umpire.[10]

5.     An appraisal award was issued setting the amount of loss at $15,513.92, on a replacement cost basis, and $14,537.71, on an actual cash value basis.[11]   Both appraiser Riley and umpire Parker signed the award.[12]   State Farm received the signed, itemized appraisal award on October 9, 2015.[13]   Two (2) business days later, on October 13, 2015, State Farm timely tendered payment of the award (minus depreciation and deductible) in the amount of $11,675.71.[14]

---

[3]     *Ex. B* at ¶ 6.
[4]     *Id.*
[5]     *Ex. B* at ¶ 6; *Exhibit B-1*, Claim Activity File Notes Excerpts.
[6]     *Ex. B* at ¶ 6; *Exhibit B-2*, Estimate.
[7]     *See* Dkt #1-1, Plaintiff's Original Petition, Exhibit A to Notice of Removal.
[8]     *Ex. B* at ¶ 8; *Exhibit B-3,* Appraisal Invocation Letter.
[9]     *Ex. B* at ¶ 8; *Exhibit B-4*, Appraisal Response Letter.
[10]    *Ex. B* at ¶ 8; *Exhibit B-5*.
[11]    *Ex. B* at ¶ 9; *Exhibit B-6*, Appraisal Award.
[12]    *Id.*
[13]    *Ex. B* at ¶ 9.
[14]    *Ex. B* at ¶ 10; *Exhibit B-7,* Letter Issuing Appraisal Payment.

## IV.        Argument and Authorities

**A.      State Farm's payment of the appraisal award estops Plaintiff from maintaining a breach of contract claim.**

6.      It is well settled that "[a]n insurer does not breach the insurance contract where, as here, it pays all damages determined by the appraisal."[15]  That is because "[t]he effect of an appraisal provision is to estop one party . . . from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[16]  Here, no question as to liability remains because State Farm has paid the appraisal award.  Under Texas law, a contract claim does not survive the insurer's payment of an appraisal award.  For instance, in *Franco v. Slavonic Mutual Fire Insurance*, the insureds, after invoking appraisal, subsequently alleged that "payment of an appraisal award is not dispositive of the Franco Family's entire breach of contract cause of action against Slavonic Mutual."[17]  The appellate court disagreed, holding that because the insurer paid the full amount of the appraisal award, the insureds were estopped from maintaining a breach of contract claim against the insurer.[18]  Simply put, compliance with the contractual appraisal award negates any claim for breach of contract as a matter of law.  Like the

---

[15]    *Scalise v. Allstate Texas Lloyds*, Civil Action No. 7:13-CV-178, 2013 WL 6835248, *14 (S.D. Tex. Dec. 20, 2013) (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer complied with every requirement of contract where it participated in appraisal process and paid amount set by appraisers and umpire)); *see also Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, 2014 WL 4796967, *15 (N.D. Tex. Sept. 26, 2014) (quoting *Scalise*); *Russell v. Scottsdale Ins. Co.*, 2014 U.S. Dist. LEXIS 143882, *17 (S.D. Tex. Sept. 30, 2014) (insured is estopped from asserting breach of contract when insurer pays appraisal award); *Caso v. Allstate Tex. Lloyds*, 2014 U.S. Dist. LEXIS 15279, *14-24 (S.D. Tex. February 7, 2014) (finding insured's payment of appraisal award estopped insured's breach of contract claim); *Waterhill Cos. v. Great Am. Assur. Co.*, 2006 U.S. Dist. LEXIS 15302, *8 (S.D. Tex. March 16, 2006) (insurer did not breach contract when it paid appraisal award).

[16]    *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied); *see also Lundstrom v. USAA*, 192 S.W.3d 79, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

[17]    *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[18]    *Id.; see also Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143-44 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

insurer in *Franco*, State Farm fully participated in the appraisal process and timely tendered payment of the appraisal award.  Accordingly, as a matter of law, there is no breach of contract, and State Farm is entitled to summary judgment on Plaintiff's breach of contract claim.[19]

**B.      Without a breach of contact claim, Plaintiff cannot maintain any extra-contractual causes of action.**

7.      Because the amount of loss has been determined by appraisal and timely paid, Plaintiff can no longer maintain any of her extra-contractual causes of action because they are derivative of Plaintiff's now defunct breach of contract claim.  Plaintiff's Petition alleges extra-contractual causes of action for violations of Chapters 541 and 542 of the Texas Insurance Code, fraud and conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing.[20]  But the facts giving rise to Plaintiff's extra-contractual causes of action relate solely to State Farm's handling of Plaintiff's insurance claim.  Merely showing a *bona fide* dispute about the insurer's liability on the contract does not rise to the level of bad faith, and Plaintiff has not alleged any facts that would give rise to an independent injury claim.[21]  For these reasons, State Farm is entitled to summary judgment on each of Plaintiff's extra-contractual causes of action.

---

[19]      *See Wayne Michels and Marie Michels v. Safeco Ins. Co. of Indiana*, Civil Action No. 13-50321, 2013 WL 5985067 (5th Cir. 2013) (holding insurer could not have breached the contract where it participated in the appraisal process and tendered payment of the appraisal award); *Breshears*, 155 S.W.3d at 345 (holding insurer entitled to summary judgment on insured's breach of contract claim because the insurer participated in the appraisal process and paid the appraisal award); *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award).

[20]      *See* Dkt # 1-1, Plaintiff's Original Petition, Exhibit A to Notice of Removal.

[21]      *See Charles G. Aldous PC v. Lugo*, 2014 U.S. Dist. LEXIS 159684, *12-13 (N.D. Tex. Nov. 12, 2014) ("There can be no recovery against an insurer for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of that which would have resulted from a wrongful denial of policy benefits.") (quoting *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)).

### 1. No bad faith absent a breach of contract.

8. The general rule in Texas is that an insured cannot prove a bad faith claim absent a breach of contract.[22] The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim" or fails "to timely investigate the insured's claim."[23] The principle stems from the fact that the threshold for bad faith can be reached only when a breach of contract is accompanied by an independent tort; evidence that merely shows a *bona fide* dispute about the insurer's liability on the contract (like the coverage dispute here) does not rise to the level of bad faith.[24] Accordingly, when a court finds that an insurer has not breached the policy, the insured cannot maintain a bad faith claim. Plaintiff's causes of action under section 541.060 of the Insurance Code all relate to State Farm's claims handling.[25] Liability under the Insurance Code Chapter 541 is reviewed under "same standard as a common law bad faith claim," and requires the same predicate for recovery.[26] And "evidence of proper completion of the appraisal process and tendering of payment" shows there

---

[22] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Toonen*, 935 S.W.2d at 941.

[23] *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Republic Ins. Co.*, 903 S.W.2d at 341; *Toonen*, 935 S.W.2d at 941.

[24] *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Nat'l Union Fire Ins. v. Dominguez*, 873 S.W.2d 373, 376-77 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 780 S.W.2d 417, 426 (Tex. App.—Texarkana 1989), *aff'd*, 811 S.W.2d 552 (Tex. 1991).

[25] *See* Dkt # 1, Plaintiffs' Original Petition at ¶¶ 24-28, 41-45, 55-61, Exhibit A to Notice of Removal.

[26] *See Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, pet. denied); *Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 468 (Tex. App.—Austin 2009, pet. denied); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (holding Texas courts have ruled DTPA and Insurance Code claims require same predicate for recovery as bad faith causes of action).

are no genuine issues of material fact for Plaintiff's fraud claim.[27]   Also, the alleged misrepresentations plead by Plaintiff[28] are not actionable as a matter of law.[29]

9.      State Farm promptly acknowledged and began an investigation of Plaintiff's claim after she reported it.[30]   State Farm participated in the appraisal process and timely tendered payment of the appraisal award after receiving it.[31]   Because the facts are undisputed that State Farm timely investigated the claim and then later paid the amount of loss based on the appraisal award, and Plaintiff has not alleged any facts which would give rise to an independent injury claim, State Farm and Burris are entitled to summary judgment as a matter of law on Plaintiff's extra-contractual claims.

### 2.   Timely payment of an appraisal award precludes prompt payment damages under Chapter 542 of the Texas Insurance Code.

10.      State Farm received the signed, itemized appraisal award on October 9, 2015 and tendered payment of the award on October 13, 2015—two (2) business days later.[32]   Under Texas law, full and timely payment of the appraisal award "precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[33]   As explained in

---

[27]   *Tabor v. State Farm Lloyds*, No. 7:14-cv-389 (S.D. Tex. April 9, 2015); *see also Barry v. Allstate Texas Lloyds*, 2015 WL 1470429, **6-7 (S.D. Tex. March 31, 2015) (dismissing fraud claim on summary judgment after payment of appraisal award).

[28]   Plaintiff alleged misrepresentations are generally that State Farm "represented in its Policy that covered damages would be insured against loss."  Dkt # 1-1, Plaintiff's Original Petition at ¶ 49, Exhibit A to Notice of Removal.

[29]   *See, e.g., Weber Paradise Apartments, LP v. Lexington Ins. Co*., 2013 WL 2255256, at **6-8 (N.D. Tex. May 23, 2013) (general allegations without critical underlying facts fail to state a fraud claim); *Druke v. Fortis Health*, 2007 WL 38322, at *4 (S.D. Tex. Jan. 4, 2007) (general assurance policy would be honored is not a material misrepresentation that can support a fraud claim); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (statements about claims being handled professionally "more in the nature of non-actionable puffery than actionable representations of material fact.").

[30]   *Ex. B* at ¶¶ 5-7.

[31]   *Ex. B* at ¶¶ 8-10; *Exhibit B-7*, Letter Issuing Appraisal Payment.

[32]   *Ex. B* at ¶¶ 9-10; *Exhibit B-7*, Letter Issuing Appraisal Payment.

[33]   *Gregory Stewart v. Geovera Specialty Insurance Company*, Civil Action No. H-14-3162 (S.D. Tex., Oct. 21, 2015, Memorandum and Order, Judge Ewing Werlein, Jr.) (copy

*Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, "when the appraisal clause is invoked, a delay in payment pursuant to the appraisal process does not constitute a §542.058 violation."[34]  Similarly, as explained in *Scalise v. Allstate Texas Lloyds*, "an insurer commits no prompt payment violation when it submits to the delay inherent in the contractual appraisal process (in this case, invoked by the insured) before paying all covered damages determined by that process."[35]  When the insured in *Gabriel v. Allstate Texas Lloyds*, argued that Allstate breached the prompt-payment requirements of Chapter 542 "by failing to pay the appraisal-determined amount of loss during the initial adjustment of the claim," the court was clear:  "these arguments misinterpret the relevant authorities and are vitiated by the policy, statute, and record."[36]

11.     Because State Farm timely paid the award, there is no violation of the Texas Insurance Code's prompt payments deadlines.  Thus, State Farm and Burris are entitled, as a matter of law, to summary judgment on Plaintiff's claim for alleged violations of Chapter 542 of the Texas Insurance Code.

## V.     Conclusion and Prayer

12.     By participating in the appraisal process, the parties agreed the appraisal award would "set the amount of loss."  Appraisal has concluded and a binding appraisal award was issued setting the amount of loss.  State Farm paid the award within two (2) business days of

---

attached); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.)); *see also Amine v. Liberty Lloyds of Tex., Inc.*, 2007 W.L 226447, at *4-6 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); *Bernstien v. Safeco Ins. Co.*, 2015 WL 3958282, at *1-2 (Tex. App.—Dallas, June 30, 2015, no pet.).

[34]   *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012); *see also Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 App'x 366, 369 (5th Cir. 2012) (affirming district court's entire summary judgment for insurer, including prompt payment claim, based on timely payment of appraisal award).

[35]   *Scalise v. Allstate Texas Lloyds*, 2013 WL 6835248, *18-19 (S.D. Tex. Dec. 20, 2013).

[36]   *Gabriel v. Allstate Texas Lloyds*, 2013 U.S. Dist. LEXIS 186032, *12 (S.D. Tex. Nov. 1, 2013).

receipt of the signed, itemized award and there are no remaining issues regarding damages or liability; therefore, as a matter of law, Plaintiff cannot maintain a breach of contract action. Plaintiff's extra-contractual claims, which are derivative of her breach of contract claim and unsupported by any evidence, also fail.  Accordingly, State Farm and Burris are entitled to judgment as a matter of law on all of Plaintiff's claims alleged in this suit, including breach of contract, violations of the Texas Insurance Code, fraud and conspiracy to commit fraud, and breach of the duty of good faith and fair dealing.

13.     Defendants State Farm Lloyds and Nathan Burris respectfully request that the Court grant summary judgment in favor of Defendants on all of Plaintiff's claims.  Defendants further pray for all other relief the Court finds just and equitable.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:  _/s/ Ray R. Ortiz_____
Ray R. Ortiz
State Bar No. 15324280
Jonathan Law
State Bar No. 24028656
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
210-344-3900 Telephone
21-366-4301 Telecopier
ray@jao-law.com Email

**ATTORNEYS FOR DEFENDANTS STATE FARM LLOYDS AND NATHAN BURRIS**

## CERTIFICATE OF SERVICE

On November 3, 2015, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. John Steven Mostyn
THE MOSTYN LAW FIRM
3810 W. Alabama Street
Houston, Texas 77027

Gilberto Hinojosa
LAW OFFICE OF GILBERTO HINOJOSA & ASSOCIATES, P.C
622 East Saint Charles Street
Houston, TX 778520

*/s/ Ray R. Ortiz*
Ray R. Ortiz
